HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CEC ELECTRICAL CONTRACTING LLC, et al., <br><br> Defendants. | CASE NO. C18-1166 RAJ <br><br> ORDER |

This matter comes before the Court on Plaintiffs' "Motion to Extend Deadline to Serve and to Order to Serve by Alternative Method" on Defendant John W. Chase. Dkt. # 5. Plaintiffs request a fourteen day extension to perfect service on Mr. Chase, and for authorization to serve Mr. Chase via first-class mail pursuant to Fed. R. Civ. P. 4(e) and RCW 4.28.080. Dkt. # 5 at 2. Plaintiffs' proposed order also includes requests to set deadlines for Mr. Chase to respond and for Plaintiffs to file a motion for default. Dkt. # 5-1 at 2. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion.

ORDER- 1

Federal Rule of Procedure 4(e)(1) allows Plaintiff to effect service "pursuant to the law of the state in which the district is located." In Washington, RCW 4.28.080 sets forth the requirements for service and provides, in pertinent part:

> Service made in the modes provided in this section is personal service. The summons shall be served by delivering a copy thereof, as follows:
> ....
> (16) In all other cases, to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein.
> (17) In lieu of service under subsection (16) of this section, where the person cannot with reasonable diligence be served as described, the summons may be served as provided in this subsection, and shall be deemed complete on the tenth day after the required mailing: By leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof, and by thereafter mailing a copy by first-class mail, postage prepaid, to the person to be served at his or her usual mailing address. For the purposes of this subsection, "usual mailing address" shall not include a United States postal service post office box or the person's place of employment.

RCW 4.28.080. Plaintiffs have made multiple unsuccessful attempts to personally serve Mr. Chase at multiple addresses. Plaintiffs attempted to locate and serve Mr. Chase at his business addresses but were unable to do so. Dkt. # 6 at p. 2, ¶¶ 3, 6. Plaintiffs hired an investigator who uncovered an address in Lake Stevens that appears to be a single-family residence associated with Mr. Chase. Dkt. # 6 at 10-11. On August 21, 26, and 27, Plaintiffs' process server attempted to serve Mr. Chase at this address, but was unsuccessful each time because there was either nobody home or the gate was closed. Dkt. # 6 at 5-8. On September 13, 2018, Plaintiffs sent copies of the Summons, Complaint, Civil Cover Sheet, and Standing Order to Mr. Chase at this Lake Stevens address via certified mail. *Id.* at p. 6, ¶ 5.

The Court finds that Plaintiffs have exercised reasonable diligence and finds good cause to extend the time to perfect service on Mr. Chase. However, the Court is disinclined, at this time, to grant Plaintiffs' request to authorize service solely by first-

class mail.  Although Plaintiffs have attempted to serve Mr. Chase at the Lake Stevens address multiple times, Plaintiffs do not give any indication that its process server left a copy of the Summons and Complaint at this address with either "a person of suitable age and discretion then resident therein," or "a person of suitable age and discretion who is a resident, proprietor, or agent thereof."  RCW 4.28.080(16-17).  These are clear requirements of the statute that Plaintiffs rely on and which have not, apparently, been met.  Moreover, it is unclear from Plaintiffs' filing whether the Lake Stevens address qualifies as a "usual mailing address" under RCW 4.28.080(17), as Plaintiffs' certified mailing to this address was returned as "UNCLAIMED, Unable to forward."  Dkt. # 6 at p. 3, ¶ 8.  Under Washington law, a "usual mailing address" must mean "some level of actual use for the receipt of mail or arrangements contemplating an actual use for receiving and forwarding mail."  *Goettemoeller v. Twist*, 161 Wash. App. 103, 109, 253 P.3d 405, 408 (2011).  Plaintiffs have not established this based on the current record.

Accordingly, Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART**.  Dkt. # 5.  The Court grants Plaintiffs a fourteen (14) day extension to perfect service of process on Defendant John W. Chase in accordance with Fed. R. Civ. P. 4(e) and RCW 4.28.080.  Plaintiff's request for authorization for alternative personal service on Defendant John W. Chase via first class mail is **DENIED WITHOUT PREJUDICE**.  Plaintiffs' Motion is otherwise **DENIED**.

Dated this 14th day of December, 2018.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER- 3