HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARDS OF TRUSTEES OF THE PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST, et al.,

Plaintiffs,

v.

CEC ELECTRICAL CONTRACTING LLC, et al.,

Defendants.

CASE NO. 18-cv-1166-RAJ

**~~PROPOSED~~ ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST CEC ELECTRICAL**

This matter comes before the Court on Plaintiffs' Motion for Default Judgment against CEC Electrical Contracting LLC ("Defendant" or "CEC Electrical"). Dkt. # 16. For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion.

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987)*; see also Fair House. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). Where those facts establish a defendant's liability, the Court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or

~~PROPOSED~~ ORDER – 1

capable of mathematical calculation," the Court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiffs are employee-benefit Trust Funds, organized and operating under Section 302(c) of the Labor Management Relations Act of 1947 to provide healthcare and related benefits to eligible participants. Dkt. # 1 at 2. Defendant, CEC Electrical, is bound to the Stockman Labor Agreement, 9th District Sound & Communications Labor Agreement, Residential Labor Agreement, and Inside Construction Labor Agreement, (collectively "Labor Agreements") with the Puget Sound Chapter, NECA and the IBEW Local 46 Union (collectively "Locals"). Under the terms of the Labor Agreements, Defendant is required to promptly and fully report for and pay fringe benefits to Plaintiffs for each hours of covered work performed by CEC Electricals' employees.

The evidence shows that CEC Electrical is liable for failure to pay contributions owed to Plaintiffs for the period February 2018 through August 2018. Dkt. # 18 at ¶ 6. Specifically, the evidence demonstrates that Defendant failed to pay contributions in the amount of $645,271.27 and interest in the amount of $23,354.86. Dkt. # 18 at ¶ 6. The Trust Agreements, to which Defendant consented, also entitle Plaintiffs to liquidated damages in the amount of $67,631.58, and audit costs of $10,732.50. Dkt. # 18 at ¶¶ 6, 11-12, Exs. 4-8.

In addition, Plaintiffs request attorney fees and costs. Dkt. # 16 at 6. Plaintiffs are entitled to attorney fees and costs under ERISA § 502(g)(2)(D) which provides for the award of reasonable attorney fees and costs in any unpaid contributions action in which a judgment in favor of the plan is awarded. *See* 29 U.S.C.A. §§ 1132(g)(2)(D). Attorney fees and costs are also provided for under the terms of the Trust Agreements. Dkt. # 18, Exs. 4-8. Here, Plaintiffs are requesting attorney fees in the amount of $5,778.50 and
PROPOSED ORDER – 2

costs of $554.42. Dkt. # 19 at 2. The Court finds that Plaintiffs' evidence supports an award of attorney fees and costs of $6,332.92.

For the foregoing reasons, Plaintiff's Motion for Default Judgment Against Defendant CEC Electrical is **GRANTED**. The Clerk is directed to enter default judgment in accordance with this order.

Dated this 15th day of November, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

PROPOSED ORDER – 3