HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARDS OF TRUSTEES OF THE PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST, et al.,

Plaintiffs,

v.

CEC ELECTRICAL CONTRACTING LLC, et al.,

Defendants.

CASE NO. 18-cv-1166-RAJ

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST JOHN CHASE**

This matter comes before the Court on Plaintiffs' motion for default judgment against Defendant John Chase. Dkt. # 25. For the reasons that follow, the Court **GRANTS** Plaintiffs' motion.

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987)*; see also Fair House. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). Where those facts establish a defendant's liability, the Court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or

ORDER – 1

capable of mathematical calculation," the Court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiffs are employee-benefit Trust Funds, organized and operating under Section 302(c) of the Labor Management Relations Act of 1947 to provide healthcare and related benefits to eligible participants. Dkt. # 1 at 2. Defendant John W. Chase ("Mr. Chase") was the President and Registered Agent of Defendant CEC Electrical. CEC Electrical is bound to the Stockman Labor Agreement, 9th District Sound & Communications Labor Agreement, Residential Labor Agreement, and Inside Construction Labor Agreement, (collectively the "Labor Agreements") with the Puget Sound Chapter, NECA and the IBEW Local 46 Union (collectively the "Locals"). Under the terms of the Labor Agreements, CEC Electrical was required to promptly and fully report for and pay fringe benefits to Plaintiffs for each hour of covered work performed by CEC Electricals' employees.

The Court previously determined that CEC Electrical was liable for failure to pay contributions owed to Plaintiffs for the period February 2018 through August 2018 and granted default judgment against CEC Electrical. Dkt. # 29. Specifically, the Court determined that the evidence showed that CEC Electrical failed to pay contributions in the amount of $645,271.27 and interest in the amount of $23,354.86. *Id*. The Court also held that the Trust Agreements, to which CEC Electrical consented, entitled Plaintiffs to liquidated damages in the amount of $67,631.58, and audit costs of $10,732.50. *Id.* Plaintiffs now move for default judgment against Defendant John Chase.

Section 409 of ERISA provides for personal liability where there is a breach of fiduciary duty:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such any losses to the

ORDER – 2

> plan resulting from each such breach, and to restore to such any profits of such fiduciary which have been made through use of assets of the by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

ERISA defines a fiduciary as any person who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." *See* 29 U.S.C. §1002(21)(A)(i). Plan assets includes amounts that a participant or beneficiary pays to an employer, or contributions that a participant has withheld from his wages by an employer for contribution to the plan. *See* 29 CFR §2510.3-102(a)(1).

The evidence shows that Mr. Chase is a fiduciary under ERISA. Mr. Chase, as President and owner of CEC Electrical, exercised control over CEC Electrical and the amount of vacation contributions withheld from CEC Electrical employees' paychecks. Dkt. # 1-1 at 1; Dkt. # 26 at ¶¶ 7-9. As a result, Mr. Chase is personally liable for damages arising from the breach of his fiduciary duty. *See* 29 U.S.C. §1109(a); *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1459 (9th Cir. 1995). The evidence shows Mr. Chase is liable for $95,454.17 in vacation contributions that were withheld from CEC Electrical employees' paychecks for the period February 2018 through August 2018 and never remitted to the Trust Funds. *See* Dkt. # 26 at ¶ 7; Dkt. # 27 at ¶ 8. Under ERISA and the Trust Agreements, Mr. Chase is also liable for liquidated damages in the amount of $9,545.43 and $14,122.79 in interest. *See* 29 U.S.C. § 1132(g)(2); *see also Northwest Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 258 (9th Cir. 1996); Dkt. # 27 at ¶ 9.

Plaintiffs are also entitled to attorney fees and costs under ERISA § 502 which provides for the award of reasonable attorney fees and costs in any unpaid contributions action in which a judgment in favor of the plan is awarded. *See* 29 U.S.C.A. § 1132(g)(2)(D). Attorney fees are also provided for under the terms of the Trust Agreements. *See* Dkt. # 18, Exs. 4-8. Here, Plaintiffs are requesting attorney fees in the

ORDER – 3

amount of $8,363.50 and costs of $554.42. Dkt. # 28 at 2-3. The Court finds that Plaintiffs' evidence supports an award of attorney fees and costs of $8,917.92.

For the foregoing reasons, Plaintiffs' Motion for Default Judgment Against Defendant John W. Chase is **GRANTED**. Dkt. # 25. The Clerk is directed to enter default judgment in accordance with this order.

Dated this 26th of March, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4